UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-05889-CAS(MRWx) | Date | June 20, 2016 |
| Title | GREAT LAKES REINSURANCE UK PLC v. IN AND OUT FASHION, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Cindy Nirenberg | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| John Levitt | | Dean Pappas |

**Proceedings:**     DEFENDANT-INSURED'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF-INSURER'S DUTY TO DEFEND (dkt. 29, filed April 29, 2016)

PLAINTIFF-INSURER'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DEFENDANT-INSURED'S DUTY TO DEFEND (dkt. 27, filed April 29, 2016)

## I. INTRODUCTION

On August 4, 2015, plaintiff-insurer Great Lakes Reinsurance (UK) PLC ("Great Lakes" or "insurer") filed the instant action against defendant-insured In and Out Fashion, Inc. ("IOF" or "insured"). In the operative complaint, Great Lakes asserts declaratory relief claims regarding (1) its duty to defend and (2) its duty to indemnify defendant-insured IOF in relation to IOF's defense of a 2014 lawsuit (the "underlying action") filed by garment retailer Forever 21, Inc. ("Forever 21").

On April 29, 2016, defendant-insured IOF filed a motion for partial summary judgment as to Great Lakes' first claim for declaratory relief regarding the duty to defend IOF in the underlying action. See Dkt. 29 ("IOF MSJ"). On May 5, 2016, the parties filed a Joint Statement of Undisputed Facts. Dkt. 31 ("JSUF"). On May 27, 2016, plaintiff-insurer Great Lakes filed an opposition to IOF's motion for partial summary judgment, dkt. 35 ("GL Opp'n"), and on June 3, 2016, IOF filed a reply, dkt. 37 ("IOF Reply").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL   'O'

| Case No. | 2:15-cv-05889-CAS(MRWx) | Date | June 20, 2016 |
|---|---|---|---|
| Title | GREAT LAKES REINSURANCE UK PLC v. IN AND OUT FASHION, INC. | | |

  On April 29, 2016, plaintiff-insurer Great Lakes filed its own motion for partial summary judgment as to its first claim for declaratory relief regarding its duty to defend IOF in the underlying action. See Dkt. 27 ("GL MSJ").[1] On May 20, 2016, defendant-insured IOF filed an opposition to Great Lakes' motion for partial summary judgment, dkt. 32 ("IOF Opp'n"), and on June 3, 2016, Great Lakes filed a reply, dkt. 37 ("GL Reply").

  On June 20, 2016,the Court provided the parties with a tentative order and held oral argument.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

### A.   The Great Lakes Insurance Policies

  Defendant-insured IOF is the named insured in two commercial general liability insurance policies ("the policies" or "the Great Lakes policies") issued by plaintiff-insurer Great Lakes.  JSUF Nos. 1-2.  The policies collectively cover conduct that occurred between February 15, 2013, and February 15, 2015.  Id.

  The "Personal and Advertising Liability" portions of the Great Lakes policies provide, in pertinent part, that Great Lakes "will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies," and that Great Lakes "will have the right and duty to defend the insured against any 'suit' seeking those damages."  JSUF No. 3.

  The policies define "personal and advertising injury," in relevant part, to include injury "arising out of one or more of the following offenses:"

             \*\*\*

---

 [1] As is to be expected, the arguments presented in Great Lakes' motion for partial summary judgment overlap extensively with those presented in its opposition to IOF's motion for partial summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05889-CAS(MRWx) | Date | June 20, 2016 |
| Title | GREAT LAKES REINSURANCE UK PLC v. IN AND OUT FASHION, INC. | | |

      d.    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's organizations goods, products or services;

***

      f.    The use of another's advertising idea in your "advertisement"; or

      g.    ***Infringing upon another's copyright, trade dress or slogan in your "advertisement"***.

Id. (emphasis added).

      An "advertisement," in turn, "means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters."[2]

      As is relevant here, the policies also contain an exclusion for "Infringement Of Copyright, Patent, Trademark Or Trade Secret," which provides that the insurance does not apply to

---

[2] The policies further state the following regarding the definition of "advertisement":

      a.    Notices that are published include material placed on the Internet or on similar electronic means of communication; and

      b.    Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

JSUF No. 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05889-CAS(MRWx) | Date | June 20, 2016 |
| Title | GREAT LAKES REINSURANCE UK PLC v. IN AND OUT FASHION, INC. | | |

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement".

However, *this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan*.

Id. (emphasis added).

### B. The Underlying Action and the Insured's Tender of a Defense

On September 9, 2014, Forever 21 initiated the underlying action against IOF by filing a complaint (the "underlying complaint") in the United District Court for the Central District of California. JSUF No. 4; see Case No. 2:14-cv-07014-CAS-MRW. The underlying complaint sought the recovery of damages and injunctive relief arising out of IOF's alleged advertising, offering to sell, sale, and distribution of products that infringed various intellectual property rights of Forever 21. See generally Dkt. 28, Ex. C (underlying complaint). Specifically, Forever 21 asserted six claims against IOF in the underlying action, including (1) a claim for trademark infringement, pursuant to 15 U.S.C. § 1114 (Lanham Act § 32(a)); (2) a claim for false designation of origin, false advertising, and unfair competition, pursuant to 15 U.S.C. §1125(a) (Lanham Act § 43(a)); (3) a claim for trademark dilution, pursuant to 15 U.S.C. §1125(c); (4) a claim for unfair competition, pursuant to California Business and Professions Code § 17200, et seq.; (5) a California common law claim for unfair competition; and (6) a claim for inducement of breach of contract. See id.

On September 26, 2014, counsel for defendant-insured IOF sent a letter to Great Lakes enclosing a copy of the complaint in the underlying action and requesting that a defense be provided to IOF. JSUF No. 5. In a letter dated October 31, 2014, counsel for plaintiff-insurer Great Lakes' asserted that it had concluded that there is no coverage under its policies for any of the allegations contained in the underlying action, which Great Lakes considered to be a suit primarily seeking damages for non-covered trademark infringement. JSUF No. 6. The following month, in a letter dated November

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-05889-CAS(MRWx) | Date | June 20, 2016 |
|---|---|---|---|
| Title | GREAT LAKES REINSURANCE UK PLC v. IN AND OUT FASHION, INC. | | |

20, 2014, counsel for IOF requested reconsideration of Great Lakes' decision, and roughly two weeks later, counsel for Great Lakes denied IOF's request for reconsideration. JSUF Nos. 7-8.

     In a letter dated February 26, 2015, counsel for IOF again requested reconsideration of Great Lakes' decision not to provide a defense, this time enclosing a copy of Forever 21's's responses to IOF's first set of interrogatories. JSUF No. 9. Just over a week later, in a letter dated March 4, 2015, counsel for Great Lakes again expressed its view that it was not obligated to defend or indemnify IOF in the underlying action. JSUF No. 10. In a letter dated May 19, 2015, counsel for IOF sent a final request for reconsideration of the denial of a duty to defend IOF in the underlying action, and on July 14, 2015, Great Lakes' again reiterated its view that it was not required to provide a defense to IOF. JSUF Nos. 11-12.

     On August 4, 2015, plaintiff-insurer Great Lakes filed the instant declaratory relief action against defendant-insured IOF, seeking declaratory relief regarding the parties' dispute over Great Lakes' obligations under the policies. Shortly thereafter, on September 21, 2015, the underlying action between Forever 21 and IOF concluded pursuant to a settlement agreement and a stipulation for entry of final judgment, which included a permanent injunction against IOF and required payment of damages See Case No. 2:14-cv-07014-CAS-MRW, Dkts. 41-42.

### III.    LEGAL STANDARD

     Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

     If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-05889-CAS(MRWx) | Date | June 20, 2016 |
| Title | GREAT LAKES REINSURANCE UK PLC v. IN AND OUT FASHION, INC. | | |

"conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. DISCUSSION

In its motion for partial summary judgment, defendant-insured IOF argues that plaintiff-insurer Great Lakes had a duty to defend IOF in the underlying action following IOF's initial tender of the complaint because, in IOF's view, the complaint made clear that IOF was potentially liability for damages arising from (1) its alleged infringement of Forever 21's trade dress in an advertisement, see IOF MSJ at 8-17; (2) its alleged infringement of Forever 21's slogan in an advertisement, see id. at 18-19; and (3) its alleged disparagement of Forever 21's goods, see id. at 20-24.

For the reasons explained in the discussion that follows, the Court concludes that, based solely upon the allegations in the underlying complaint, IOF was potentially liable for covered damages arising out of its alleged infringement of Forever 21's trade dress in an "advertisement." In light of this conclusion, the Court need not reach the merits of IOF's additional arguments regarding whether Great Lakes' duty to defend was also independently triggered by IOF's potential liability for use of a slogan or for disparagement in an advertisement. Cf. W. Trend, Inc. V. AMCO Ins. Co., No. CV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05889-CAS(MRWx) | Date | June 20, 2016 |
| Title | GREAT LAKES REINSURANCE UK PLC v. IN AND OUT FASHION, INC. | | |

14-06872, 2015 WL 263934, at *3 n.2 (C.D. Cal. Jan. 9, 2015) (Klausner, J.) (granting summary judgment for the insured regarding the duty to defend arising from alleged trade dress injury and declining to consider whether or not alleged slogan infringement also independently triggered the duty to defend).

### A. Legal Standard Regarding the Duty to Defend under California Law

In California, an insurer's duty to defend its insured is broad. Pension Trust Fund for Operating Engineers v. Federal Ins. Co., 307 F.3d 944, 949 (9th Cir. 2002). An insured is entitled to a defense "if the underlying complaint alleges the insured's liability for damages *potentially* covered under the policy." Montrose Chemical Corp. v. Superior Court, 6 Cal. 4th 287, 299 (1993) (emphasis in original). "The duty to defend is broader than the duty to indemnify, and it may apply even in an action where no damages are ultimately awarded." Scottsdale Ins. Co. v. MV Transp., 36 Cal. 4th 643, 654 (2005). Whether there is a duty to defend turns upon "those facts known by the insurer at the *inception* of a third party lawsuit." Montrose, 6 Cal. 4th at 295 (emphasis added). Thus, "[d]etermination of the duty to defend depends, in the first instance, on a comparison between the allegations of the complaint and the terms of the policy." Scottsdale Ins. Co., 36 Cal. 4th at 654.

"[T]he duty also exists where extrinsic facts known to the insurer suggest that the claim may be covered." Id.; see also Waller v. Truck Ins. Exch., Inc., 11 Cal. 4th 1, 19 (1995) (explaining that the duty to defend exists if the insurer "becomes aware of, or if the third party lawsuit pleads, facts giving rise to the potential for coverage under the insuring agreement."). "When determining whether a particular policy provides a potential for coverage and a duty to defend, [courts] are guided by the principle that interpretation of an insurance policy is a question of law." Waller, 11 Cal. 4th at 18. "Moreover, that the precise causes of action pled by the third-party complaint may fall outside policy coverage does not excuse the duty to defend where, under the facts alleged, reasonably inferable, or otherwise known, the complaint could fairly be amended to state a covered liability." Scottsdale Ins. Co., 36 Cal. 4th at 654.

Crucially for purposes of the instant motion for partial summary judgment regarding the duty to defend, defense of the insureds is excused only when "the third party complaint can *by no conceivable theory* raise *a single issue* which could bring it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL 'O'

| Case No. | 2:15-cv-05889-CAS(MRWx) | Date | June 20, 2016 |
|---|---|---|---|
| Title | GREAT LAKES REINSURANCE UK PLC v. IN AND OUT FASHION, INC. | | |

within the policy coverage." Montrose, 6 Cal. 4th at 300 (emphasis added). Accordingly, an insurer who receives tender indicating potential for coverage "cannot 'wait out' discovery before determining its duty to defend; that is precisely why the California Supreme Court requires defense even on the basis of potential coverage." Tower Ins. Co. of New York v. Capurro Enterprises Inc., No. C 11-03806, 2011 WL 6294485, at *7 (N.D. Cal. Dec. 15, 2011) (Illston, J.) (citing Montrose, 6 Cal. 4th at 299)).

> **B. IOF's Initial Tender of the Underlying Complaint Triggered Great Lakes' Duty to Defend because IOF was Potentially Liable for Damages arising from Trade Dress Infringement in an IOF Advertisement**
>
> **1. The Underlying Complaint's Allegations of Trade Dress Infringement**

Plaintiff-insurer Great Lakes rightly contends that the gravamen of the underlying action against the insured involved alleged injuries arising out of IOF's trademark infringement—which are *not* covered under the policies—rather than alleged injuries arising out of "infringement, in [one's] 'advertisement', of . . . trade dress," which *are* covered. For example, with respect to trademark infringement, the underlying complaint alleges that IOF sold products "with partially blacked out, cut, or otherwise ablated [Forever 21] Marks," and that despite such manipulation, "it remain[ed] apparent to the average reasonable consumer that the marks so manipulated were once [Forever 21] Marks." Underlying Complaint, at ¶ 26. The underlying complaint further alleged that "where any reference to [Forever 21] Marks ha[d] been entirely removed from these products, the products [were] unlawfully and unfairly marketed, advertised or regularly referred to by Defendants as Forever 21 goods in an effort to inappropriately and unfairly maintain and/or create an association between these unauthorized goods and Forever 21 or Forever 21 and Defendants." Id. According to the complaint, such misuse of Forever 21's "Marks" violated Forever 21's "exclusive rights in one or more [of its] Marks by using the same to confuse consumers into thinking that the products purchased at Defendants' stores are genuine Forever 21 products when they are in fact unauthorized products that do not originate from Forever 21." Id. at ¶ 28. Again, allegations of such trademark infringement—even if such infringement is alleged to have occurred in IOF's advertisements—would be insufficient to trigger Great Lakes' duty to defend because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05889-CAS(MRWx) | Date | June 20, 2016 |
| Title | GREAT LAKES REINSURANCE UK PLC v. IN AND OUT FASHION, INC. | | |

personal and advertising injuries "arising out of the infringement of copyright, patent, *trademark*, trade secret or other intellectual property rights" are expressly excluded from coverage. JSUF No. 3.

However, as stated *supra,* the fact "that the precise causes of action pled by the third-party complaint may fall outside policy coverage does not excuse the duty to defend where, under the facts alleged, reasonably inferable, or otherwise known, the complaint could fairly be amended to state a covered liability."[3] Scottsdale, 36 Cal. 4th at 654. Here, the complaint also included allegations that could potentially give rise to a claim for trade dress infringement that occurred in one of IOF's advertisements.

As the Ninth Circuit has explained, "trade dress involves the total image of a product and 'may include features such as size, shape, color, color combinations, texture, or graphics.' " Vision Sports, Inc. v. Melville Corp., 888 F.2d 609, 613 (9th Cir. 1989) (citation omitted); 1 McCarthy On Trademarks and Unfair Competition § 8:4 (4th ed. 2014) (" '[T]rade dress includes the total look of a product . . . and even includes the design and shape of the product itself."). "Trade dress protection is broader in scope than trademark protection, both because it protects aspects of packaging and product design that cannot be registered for trademark protection and because evaluation of trade dress infringement claims requires the court to focus on the plaintiff's *entire selling image*, rather than the narrower single facet of trademark." Vision Sports, 888 F.2d at 613

---

[3] It is well-established that where, as here, the allegations in the underlying complaint are primarily focused on non-covered claims (here, trademark infringement), the Court "look[s] not to whether noncovered acts predominate in the third party's action, but rather to whether there is any potential for liability under the policy." Horace Mann Ins. Co. v. Barbara B., 4 Cal. 4th at 1084 (rejecting insurer's argument that certain alleged misconduct "could not possibly give rise to liability" because other non-covered misconduct was the "dominant factor" in the case); see also Pension Trust Fund for Operating Engineers, 307 F.3d at 951 ("The duty to defend does not usually turn on whether facts supporting a covered claim predominate or generate the claim. Instead, California courts have repeatedly found that remote facts buried within causes of action that may potentially give rise to coverage are sufficient to invoke the defense duty." (citation omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-05889-CAS(MRWx) | Date | June 20, 2016 |
|---|---|---|---|
| Title | GREAT LAKES REINSURANCE UK PLC v. IN AND OUT FASHION, INC. | | |

(emphasis added). Thus, "to the extent that [any of Forever 21's claims] focus[d] upon the look and styling of the clothing (including the fabric pattern), along with the color scheme and graphic display embodied in[, for example, a particular] logo [or mark], it [may potentially be characterized as] a trade dress claim." Id.

Here, the complaint alleges that Forever 21 "designs and sells innovative, fashionable clothing" and expects its vendors to "produce garments of a specific quality[] [and] style . . . ." Underlying Complaint, at ¶¶ 10, 88. Indeed the Forever 21 products that IOF allegedly sold and advertised *not only* contained infringing trademarks, but also represented Forever 21's unique garment "styles," id. at 88, as well as "other source identifying indicia" besides Forever 21 "labels, hanger straps, [or] tags," id. at 90. The complaint alleges that defendants would fully "remove the [Forever 21] Marks from [Forever 21] products . . . and thereafter affix Defendants' own marks thereto" in an attempt "to palm the products off as their own goods and to wrongly lead consumers to the conclusion that the products so manipulated originate with Defendants, when they do not."[4] Underlying Complaint at ¶ 27; see also id. at ¶ 58. According to the complaint, even when "*any reference* to [Forever 21] *Marks* . . . [was] *entirely* removed from the[] products," defendants nonetheless marketed the products "as Forever 21 goods in an effort to . . . create an association between these unauthorized goods and Forever 21." Id. at ¶ 26. A reasonable inference from such allegations is that there is something about the "total image and overall appearance" (i.e., trade dress) of these garments, besides their mere use of Forever 21 trademarks, that helps identify the garments as Forever 21 products. Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 765 (1992).

Thus, by allegedly passing off Forever 21 garments from Forever 21's vendors as its own, IOF created at least *potential* liability for infringing the trade dress of Forever

---

[4] More specifically, the underlying complaint alleged that defendants would "induce [Forever 21's] vendors to breach their agreements with Plaintiff by incentivizing or otherwise causing [these] vendors to sell garments to Defendants which [Forever 21] either rejected and/or cancelled . . . ." Underlying Complaint, at ¶ 90. Such conduct by Forever 21's vendors was "in breach of . . . the vendors' waiver of any right to sell any garments produced pursuant to a manufacturing agreement between [Forever 21] and its vendors without [Forever 21's] prior written authorization . . . ." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-05889-CAS(MRWx) | Date | June 20, 2016 |
|---|---|---|---|
| Title | GREAT LAKES REINSURANCE UK PLC v. IN AND OUT FASHION, INC. | | |

21's garments—i.e., their " 'total image and overall appearance,' " Two Pesos, 505 U.S. at 765 (citation omitted), including "features such as size, shape, color or color combinations, texture, [or] graphics." Peerless Lighting Corp. v. Am. Motorists Ins. Co., 82 Cal. App. 4th 995, 1002 n.1 (2000). Indeed, the complaint appears to seek damages (and not just injunctive relief) arising from such liability: specifically, Forever 21's prayer for relief seeks damages in an amount not less than $1,000,000.00 for IOF's alleged false designation of origin, false advertising, and unfair competition under 15 U.S.C. § 1125(a) (Lanham Act § 43(a))—a statutory claim which may be supported by allegations of trade dress infringement.[5]

> 2. **Whether the Complaint Sufficiently Alleges that the Trade Dress Infringement Occurred in an Advertisement that Caused the Relevant Injury**

As explained in the preceding discussion, the Court finds that the underlying complaint created potential liability for damages arising from trade dress infringement. However, in its opposition to the instant motion, Great Lakes contends that "even if [IOF's] alleged conduct constituted infringement of trade dress, . . . [any such finding] is of no moment" because "trade dress infringement *that is not in an advertisement* is [expressly] excluded from coverage" under the policies. GL Opp'n at 10 (emphasis added). It is true, as Great Lakes argues, that the Great Lakes policies' definition of

---

[5] Specifically, section 1125(a)(1) creates liability for "[a]ny person who, on or in connection with any goods . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, . . . or false or misleading representation of fact, which . . . (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities . . . ." As is especially relevant here, a claim under section may arise from one's infringing use of trade dress. See 15 U.S.C. §1125(a)(3) ("In a civil action for trade dress infringement under this chapter for trade dress not registered on the principal register, the person who asserts trade dress protection has the burden of proving that the matter sought to be protected is not functional."); 15 U.S.C. §1125(c)(4) (regarding the relative burdens of proof in a trade dress suit).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-05889-CAS(MRWx) | Date | June 20, 2016 |
|---|---|---|---|
| Title | GREAT LAKES REINSURANCE UK PLC v. IN AND OUT FASHION, INC. | | |

"personal and advertising injury" covers only injuries arising out of trade dress "infringement[] in [one's] '*advertisement*.'" See JSUF No. 3 (emphasis added). Nonetheless, Great Lakes' argument is unavailing, as the Court finds that the complaint sufficiently alleged trade dress infringement within an advertisement. To reach such a conclusion—that is, in order to determine whether an offense like trade dress infringement was committed "in the course of advertising"—California courts have suggested a two-part test: "First, the promotion of the product or service at issue must constitute 'advertising' within the meaning of the policy language; and second, the 'advertising activities' must have in some sense caused the 'advertising injury.' " Peerless Lighting Corp. v. Am. Motorists Ins. Co., 82 Cal. App. 4th 995, 1009 (2000). The Court considers these two factors in the subsections that follow.

      a.    **Whether the Underlying Complaint Alleges Infringement within an "Advertisement"**

Under the policies, the term "advertisement" is defined as "a notice that is broadcast or published to the general public or specific market segments about [the insured's] goods, products or services for the purpose of attracting customers or supporters."[6] Here, the underlying complaint contains many allegations regarding IOF's alleged "*advertising*, promoting, offering for sale, selling and distributing unauthorized [Forever 21] product[s] displaying the [Forever 21] Marks." Underlying Complaint, at ¶ 25 (emphasis added). Again, as explained *supra*, these advertised Forever 21 "product[s]" *not only* contained infringing Forever 21 "Marks," but also arguably infringed upon Forever 21's trade dress by conveying the company's unique garment "styles," id. at ¶ 88, as well as "other source identifying indicia," id. at ¶ 90.

---

    [6] The policies further provide that "[n]otices that are published include material placed on the Internet or on similar electronic means of communication," and, regarding web-sites, that "only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement." JSUF No. 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05889-CAS(MRWx) | Date | June 20, 2016 |
| Title | GREAT LAKES REINSURANCE UK PLC v. IN AND OUT FASHION, INC. | | |

A review of the prayer for relief also reveals that Forever 21 sought a judgment enjoining IOF from (1) "[t]he unauthorized use, in any manner whatsoever, of any Forever 21 . . . *trade dress . . . in conjunction with any advertising, promotional materials*, labels, hangtags, packaging, or containers"; (2) "[t]he delivery, *marketing, advertising or promotion* of the infringing and diluting product identified in the Complaint and any other product which infringes or dilutes any [Forever 21] . . . *trade dress* including, but not limited to, any [Forever 21] Marks at issue in this action"; and (3) "[t]he use of any . . . *trade dress* that falsely represents, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that unauthorized product . . . *marketed, advertised and/or promoted* by Defendants originates from Forever 21 . . . ." Underlying Complaint, Prayer for Relief (emphasis added). While

Great Lakes nonetheless finds the relevant language in the underlying complaint to be insufficient, arguing that the complaint does not specifically outline the use of trade dress *in a particular form of advertising* that clearly and expressly falls into one of the types of "advertisements" defined in the policies. Specifically, Great Lakes argues that "[t]here are simply no facts at all that establish that Forever 21 suffered advertising injury by a 'notice' by [IOF] that was *broadcast or published to the general public or specific market segments* about [IOF's] goods, products or services for the purpose of attracting customers or supporters." GL Opp'n at 12 (emphasis added). Great Lakes further notes that "[t]here is no reference [in the underlying complaint] to a print advertisement, a broadcast advertisement, an advertisement on the Internet or on an [IOF] website that advertises Forever 21 appearing clothing as [IOF's] clothing." Id.

Great Lakes' argument misses the mark, however, as Great Lakes' contentions place upon IOF an impermissibly heavy burden that is unsupported by the relevant caselaw. In order to trigger Great Lakes' duty to defend, IOF need not submit in their initial tender evidence *conclusively establishing* that the alleged trade dress infringement in IOF's advertisements occurred via a particular means of advertisement that incontrovertibly falls within the policies' definition of "advertisement." Rather, "[t]o prevail [with respect to the initial duty to defend inquiry], the insured must prove the existence of a potential for coverage, while *the insurer must establish the absence of any such potential*." Montrose, 6 Cal. 4th at 300. In other words, as the California Supreme Court explained further in Montrose,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-05889-CAS(MRWx) | Date | June 20, 2016 |
|---|---|---|---|
| Title | GREAT LAKES REINSURANCE UK PLC v. IN AND OUT FASHION, INC. | | |

> [While the] insured need only show that the underlying claim *may* fall within policy coverage; the insurer must prove *it cannot*. Facts merely tending to show that the claim is not covered, or may not be covered, but are insufficient to eliminate the possibility that resultant damages (or the nature of the action) will fall within the scope of coverage, therefore add no weight to the scales.

Id. (emphasis added). While this standard places a heavy burden on insurers attempting to disprove the existence of a potential for coverage, "[a]ny seeming disparity in the respective burdens [between the insurer and the insured] merely reflects the substantive law." Id. In other words, while it is possible that damages from IOF's alleged advertisements would ultimately prove *not* to be covered by the policies, Great Lakes fails to recognize that "the existence of a duty to defend turns not upon the ultimate adjudication of coverage under its policy of insurance, but upon those facts *known by the insurer at the inception of a third party lawsuit*. [Citation.] Hence, the duty 'may exist even where coverage is in doubt and ultimately does not develop.' [Citation.]" Montrose, 6 Cal. 4th at 295 (emphasis added) (citing Saylin v. California Ins. Guarantee Assn. 179 Cal.App.3d 256, 263 (1986)).

Accordingly, for purposes of the duty to defend inquiry, the Court finds that the underlying complaint sufficiently alleged that IOF advertised the offending garments (and thus Forever 21's trade dress) in a manner that, at the least, is not clearly and expressly excluded from coverage.

### b. Whether the Underlying Complaint Alleges Injury Caused by Infringement within an "Advertisement"

As explained *supra*, in order to raise a potential for coverage, the underlying complaint must not only allege that trade dress infringement *occurred* within an advertisement, it must also "show that the insured's advertising *caused* the third party's injury." El-Com Hardware, Inc. v. Fireman's Fund Ins. Co., 92 Cal. App. 4th 205, 217 (2001) (emphasis added) (citing Simply Fresh Fruit, Inc. v. Continental Ins. Co., 94 F.3d 1219, 1222 (9th Cir. 1996); Microtec Research v. Nationwide Mut. Ins. Co., 40 F.3d 968, 970-71 (9th Cir. 1994)). Accordingly, Great Lakes contends that its duty to defend was not triggered because the requisite causal connection between IOF's alleged *advertising*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-05889-CAS(MRWx) | Date | June 20, 2016 |
|---|---|---|---|
| Title | GREAT LAKES REINSURANCE UK PLC v. IN AND OUT FASHION, INC. | | |

and Forever 21's alleged *injury* was not sufficiently pleaded in the underlying complaint. Relying primarily upon the Ninth Circuit's decisions in Simply Fresh and Microtec, Great Lakes argues that Forever 21's "injuries, if any, arise from *the alleged infringement itself*, i.e., [the] sale of clothing that appears to be a 'knock-off' of Forever 21 trademarked clothing[,] and not from any 'advertisement' by [IOF] which infringed the trade dress of Forever 21."  GL Opp'n at 11 (citing Simply Fresh, 94 F.3d 1219; Microtec, 40 F.3d 968).

     The Court disagrees for at least two reasons.  First, and perhaps most importantly, paragraph 52 of the underlying complaint states in fairly unequivocal terms that Forever 21 ***"has been injured as a result of [IOF's] false and misleading advertisement***, promotion, and sale of unauthorized Forever 21 branded garments."  Underlying Complaint, at ¶ 52 (emphasis added).  Accordingly, Great Lakes' reliance upon the Ninth Circuit's decision in Simply Fresh is misplaced.  In that case, a third-party competitor, Reddi-Made, alleged that Simply Fresh had hired former Reddi-Made employees and stole Reddi-Made's patented automated method for cutting fruit.  Id. at 1221.  Simply Fresh argued before the Ninth Circuit that Reddi-Made's patent infringement claims were properly understood as advertising injuries because Simply Fresh had alleged that Reddi-Made only learned of the patent infringement once Simply Fresh began advertising its well-cut fruit.  See id. at 1222-23.  The Ninth Circuit rejected this argument for "the obvious reason"—as the court later put it— "that the advertising itself did not violate any patents; it simply tipped off Reddi-Made."  Hyundai Motor Am. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 600 F.3d 1092, 1103 (9th Cir. 2010) (citing id. at 1223).  As the Simply Fresh court explained, "the advertising activities must cause the injury—not merely expose it."  Simply Fresh, 94 F.3d at 1223; see also Microtec Research, Inc. v. Nationwide Mut. Ins. Co., 40 F.3d 968, 971 (9th Cir. 1994) ("It is now the clearly established law in California . . . that the injury for which coverage is sought must be caused by the advertising itself.").  Here, the allegations in the underlying complaint make clear that Forever 21"has been injured as a result of [IOF's] false and misleading advertisement"; accordingly, this is not a case in which the relevant advertising activities

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:15-cv-05889-CAS(MRWx) | Date | June 20, 2016 |
|---|---|---|---|
| Title | GREAT LAKES REINSURANCE UK PLC v. IN AND OUT FASHION, INC. | | |

"merely expose[d]" a separate trade dress infringement injury, rather than "caus[ing] the injury."[7]  Simply Fresh, 94 F.3d at 1223.

     Second, the California Court of Appeal, in a decision that cites to Simply Fresh, considered and rejected an argument similar to that advanced by Great Lakes here.  In El-Com Hardware, Inc. v. Fireman's Fund Insurance Co., 92 Cal.App.4th 205 (2001), the underlying complaint contained—much like the underlying complaint arguably does

---

    [7] For much the same reason, Great Lakes' reliance upon the Ninth Circuit's holding in Microtec is also unavailing.  Specifically, Great Lakes cites to the following passage in Microtec:

> [The complaint] uses some words, such as "marketing," . . . and "representing," which seem, if taken in isolation, to suggest a claim for advertising injury.  But read in context, they do not.  [The plaintiff] did not . . . allege that [the insured had] used stolen [products] in its ads . . . . [Rather, the] harm . . . is allegedly caused by the misappropriation of [the product], not by the advertising itself.

Microtec, 40 F.3d at 971.  Here, in contrast, Forever 21 specifically alleged in unequivocal terms that it "has been injured *as a result of* [IOF's] false and misleading advertisement, promotion, and sale of unauthorized Forever 21 branded garments," and not merely by the *sale* of the allegedly infringing product.  Underlying Complaint, at ¶ 52 (emphasis added).  Accordingly, Great Lakes cannot plausibly argue that the entirety of the alleged harm was, as in Microtec, solely "caused by the misappropriation of [the product], [and] not by the advertising itself."  Microtec, 40 F.3d at 971.  Nonetheless, at oral argument on the instant motion, counsel for Great Lakes argued that the Court's tentative order appeared to find that the mere sale of an allegedly infringing product constituted an advertisement and could therefore give rise to a claim for advertising injury.  Contrary to Great Lakes' contention, however, this Court has not made any such finding; rather, it has relied upon the aforementioned allegations in the complaint which specifically allege injury "as a result of" IOF's "misleading advertisement[s]" regarding "Forever 21 branded garments" (and thus, potentially, Forever 21 trade dress).  See Underlying Complaint, at ¶ 52.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-05889-CAS(MRWx) | Date | June 20, 2016 |
|---|---|---|---|
| Title | GREAT LAKES REINSURANCE UK PLC v. IN AND OUT FASHION, INC. | | |

here—sufficient facts "to constitute an allegation of infringement of trade dress" of a third-party's product. Id. at 209. As here, the question in El-Com was whether the insurer owed the insured a duty to defend under an insurance policy's advertising injury coverage. The insurer argued, as does Great Lakes here, that there was no causal connection between the trade dress injury and the insured's advertising. More specifically, the defendant-insurer in El-Com argued that the allegations and extrinsic evidence "demonstrate[] only that an infringement occurred when [the insured] manufactured and sold the disputed [product], and that their advertising simply exposed the infringement; it did not cause it." Id. at 215; compare GL Opp'n at 11 (arguing that Forever 21's injuries "arise from the alleged infringement itself, i.e., [IOF's] sale of clothing," and "not from any 'advertisement' by [IOF] which infringed the trade dress of Forever 21").

In its order, the El-Com court noted that the plaintiff advertised its allegedly infringing product by "depict[ing]" the product in its catalogs, which were printed and provided to its customers. Id. at 217. The court held that in light of this evidence and the third party's allegations that it was injured by the plaintiff's " 'offering to sell,' 'selling,' 'pass[ing] and palm[ing] off,' and 'us[ing] in commerce' the copied [product]," the insurer "had before it sufficient facts to show that [the insured's] trade dress infringement was caused by the advertising of their handles using the infringing trade dress of the [infringing products]." Id. at 218. Thus, "[the insurer's] duty to defend attached" because the insured's advertising of the allegedly infringing trade dress established the requisite causation and sufficiently showed a potential for coverage. Id.

So, too, did the insurer here have before it allegations that Forever 21 was harmed by IOF's "advertising, promoting, offering for sale, selling," and "palm[ing] . . . off [the infringing products] as [its] own goods." See Underlying Complaint, at ¶¶ 25, 27. Accordingly, based on this Court's reading of El-Com, such allegations were sufficient for purposes of establishing a causal connection between the advertising and the alleged injury. At least one district court in this circuit has similarly relied upon El-Com in reaching the same conclusion. See W. Trend, 2015 WL 263934, at *6 (citing to El-Com and rejecting insurer's contention that a causal connection was lacking because, in the insurer's view, the underlying claim for infringement against the insured "exists irrespective of [the insured]'s advertising activities," and "[t]o the extent [the insured]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05889-CAS(MRWx) | Date | June 20, 2016 |
| Title | GREAT LAKES REINSURANCE UK PLC v. IN AND OUT FASHION, INC. | | |

may advertise the allegedly infringing shirt, such advertising activities 'merely expose' the allegedly infringing conduct rather than cause it").

Again, when a suit alleges facts that create even the "bare 'potential'" or "possibility" that the insured may be subject to liability for damages covered under the insurance policy, an insurer like Great Lakes must defend unless and until it can point to "undisputed facts" demonstrating that the claim is not covered. Montrose, 6 Cal. 4th at 299-300. In fact, the insured, in submitting tender for a defense, need not demonstrate that coverage is likely or even "reasonably" likely. J. Croskey et al. Cal. Prac. Guide: Ins. Lit. at ¶ 7:525 (Rutter 2014) (citing Montrose, 6 Cal. 4th at 299-300 (rejecting "reasonable potential for coverage" standard)). To the extent to which there is "[a]ny doubt as to whether the facts [alleged in the complaint] give rise to a duty to defend," such doubt must be "resolved in the insured's favor." Horace Mann Ins. Co., 4 Cal.4th at 1081. In light of these standards, the Court cannot conclude that Forever 21's complaint could "*by no conceivable theory* raise *a single issue* which could bring it within the policy coverage." Montrose, 6 Cal. 4th at 300 (emphasis added).

### 3. Conclusion

Based upon the foregoing, the Court concludes that upon receiving IOF's initial tender, Great Lakes was put on notice of advertising injury covered by the policies—namely, potential injury arising from use of Forever 21's trade dress in an advertisement—and was therefore obligated to provide an immediate defense at that time, rather than leaving IOF to finance its own litigation defense. Indeed, insured parties, like defendant-insured IOF, "obtain[] liability insurance in substantial part in order to be protected against the trauma and financial hardship of litigation. If the courts did not impose an immediate defense obligation upon a showing of a 'potential for coverage,' thereby relieving the insured from the burden of financing his own defense and then having to sue the insurer for reimbursement, the premiums paid by the insured would purchase nothing more than a lawsuit." Haskel, Inc. v. Superior Court, 33 Cal. App. 4th 963, 979 n.14, as modified (Apr. 25, 1995) (citation omitted).

The Court also finds that even if the underlying complaint had not sufficiently placed Great Lakes on notice of potential coverage under the policies, Forever 21's interrogatory responses—which IOF provided in its third letter requesting a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05889-CAS(MRWx) | Date | June 20, 2016 |
| Title | GREAT LAKES REINSURANCE UK PLC v. IN AND OUT FASHION, INC. | | |

defense—made abundantly clear that Forever 21 was seeking damages for injuries that were potentially covered by the policies. Specifically, IOF propounded the following interrogatories upon Forever 21:

> **INTERROGATORY NO. 7:** Do YOU contend that the actions of Defendants alleged in the Complaint included the unauthorized use by Defendant of Plaintiff's trade dress? (*See e.g.*, Complaint for Damages at page 23.)
>
> **INTERROGATORY NO. 8:** Do YOU contend that the actions of Defendant alleged in the Complaint included the unauthorized use by Defendant of Plaintiff's trade dress on or in conjunction with Defendant's advertising or promotional materials?
>
> **INTERROGATORY NO. 9:** Does the Plaintiff seek the recovery of damages from Defendant in this action cause [*sic*] by the unauthorized use by Defendant of Plaintiff's trade dress on or in conjunction with Defendant's advertising or promotional materials?

Dkt. 28, Ex. H. In response to all three interrogatories, Forever 21 responded, "Yes," noting also that "[d]iscovery and investigation are ongoing and continuing," and that Forever 21 "reserves the right to supplement its response to th[e] interrogator[ies] as discovery has just commenced." Id. Again, Forever 21's responses make clear that "[y]es," it was in fact "seek[ing] the recovery of damages from [IOF] . . . cause[d] by the unauthorized use by [IOF] of [Forever 21's] trade dress on or in conjunction with [IOF's] advertising or promotional materials." Id. Accordingly, to the extent the underlying complaint and IOF's initial tender were insufficient to trigger a duty to defend, IOF's third tender, which included the interrogatory responses and was submitted on February 26, 2015, was undoubtedly sufficient to trigger Great Lakes' duty to defend.

## V. CONCLUSION

In accordance with the foregoing, the Court concludes that plaintiff-insurer Great Lakes had a duty to defend defendant-insured IOF in the underlying action, Case No. 2:14-cv-07014-CAS-MRW. Therefore, the Court hereby **GRANTS** defendant-insured

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL            'O'

| Case No. | 2:15-cv-05889-CAS(MRWx) | Date | June 20, 2016 |
|---|---|---|---|
| Title | GREAT LAKES REINSURANCE UK PLC v. IN AND OUT FASHION, INC. | | |

IOF's motion for partial summary judgment as to plaintiff-insurer's first claim for relief (dkt. 29), and accordingly **DENIES** plaintiff-insurer's cross-motion for summary judgment as to the same issue (dkt. 27).

IT IS SO ORDERED.

                                                                    00  :  10
                                        Initials of Preparer         CMJ